USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/30/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

WESTCHESTER FIRE INSURANCE CO., :

        Plaintiff, :

  - against - : **MEMORANDUM DECISION**

JERRY MOYES, : 08 Civ. 10726 (DC)

        Defendant. :

- - - - - - - - - - - - - - - - - -x

**APPEARANCES:**    GOTTESMAN, WOLGEL, MALAMY, FLYNN
                      & WEINBERG P.C.
                      Attorneys for Plaintiff
                          By: Richard Brotherston Demas, Esq.
                      11 Hanover Square - 4th Floor
                      New York, New York  10005

                      STROOCK & STROOCK & LAVAN LLP
                      Attorneys for Defendant
                          By: Quinlan Daniel Murphy, Esq.
                      180 Maiden Lane
                      New York, New York  10038

**CHIN, District Judge**

       Plaintiff Westchester Fire Insurance Company ("Westchester Fire") seeks entry of a default judgment against defendant Jerry Moyes pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.  For the reasons that follow, the application is denied.

### BACKGROUND

**A.**  **The Facts**

       Palm Beach Resort Condominiums, LLC ("Palm Beach") is the developer of a condominium apartment building project in Las Vegas, Nevada.  Subcontractors, who helped construct the condominium building, filed mechanics liens against the project to

insure payment for their services. To secure the subcontractor liens, Westchester Fire acted as surety for the project by issuing a number of performance bonds in the total amount of $6,382,389. (Compl. ¶ 7). Westchester Fire's bonds guaranteed that Palm Beach would meet its financial obligations to the subcontractors who performed work on the condominium project. To induce Westchester Fire to issue these bonds, Moyes entered into an agreement dated December 5, 2005 (the "Agreement"), whereby he agreed to indemnify Westchester Fire for any expenses or liability incurred as a result of issuing the bonds. (Id. ¶ 6).

Subcontractors PGAL, LLC ("PGAL") and Hardy Companies, Inc. ("Hardy") subsequently commenced actions in Clark County District Court in the State of Nevada against Palm Beach and Westchester Fire to foreclose on their liens and collect on the bonds. (Id. ¶ 9). On November 14, 2008, Westchester Fire demanded that Moyes provide collateral in the amount of $6,382,389 to cover liability on the bonds. Moyes did not respond and has not since provided any collateral. (Id. ¶¶ 10, 11).

**B.   Prior Proceedings**

Westchester Fire commenced this action on December 10, 2008, invoking this Court's diversity jurisdiction. Westchester Fire is a New York corporation with its principal place of business in the State of New York and Moyes is a citizen of the State of Arizona. (Id. ¶¶ 4, 5). Westchester Fire seeks declaratory and injunctive relief, including an order requiring Moyes to post collateral of $6,382,389. (Id. ¶ 28).

On December 11, 2008, Westchester Fire served Moyes' wife at their home in Arizona. Moyes did not answer the complaint or otherwise appear in the action prior to the December 31, 2008 answer due date. On January 6, 2009, the Clerk of the Court issued a Certificate of Default.

On February 27, 2009, Westchester Fire moved for entry of default judgment and served a copy of its motion upon Moyes by mail to his home address. On March 13, 2009, Moyes informed the Court that he had now retained counsel and requested a thirty-day extension to respond to the motion. (3/13/09 Klinger Ltr. ¶ 1). I granted a two-week extension and set March 31, 2009 as the new due date. On March 31, 2009, Moyes filed a memorandum of law in opposition to the motion for a default judgment. Westchester Fire submitted reply papers on April 7, 2009.

## DISCUSSION

**A.   Applicable Law**

   **1.   Standard on Default Judgment**

Rule 55(b)(2) of the Federal Rules of Civil Procedure governs the entry by the court of a default judgment. It provides that "the party entitled to a judgment by default shall apply to the court therefor." It prohibits the entry of a default judgment against certain categories of individuals (infants and incompetent individuals), except in certain circumstances, and it requires prior written notice of any application for a default judgment if the defaulting party has appeared in the action.

Rule 55(b)(2) does not set forth standards to be applied in determining when a party is "entitled to a judgment by

default."  The case law is clear, however, that the court is to exercise "sound judicial discretion" in determining whether a default judgment should be entered.  Charles Alan Wright et al., 10A Federal Practice & Procedure: Civil § 2685, at 30 (3d ed. 1998) (citing cases).  The court may consider factors such as: the amount of money at stake; whether material issues of fact or questions of substantial public importance are presented; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt.  Furthermore, the court may consider how harsh an effect a default judgment might have, and whether the default was caused by a good-faith mistake or excusable or inexcusable neglect.  Id. § 2685, at 32-38 (footnotes omitted, citing cases).

Another consideration is whether the court would be obliged to set aside the default judgment if a motion to vacate were filed.  The Second Circuit has made clear its preference that "litigation disputes be resolved on the merits, not by default."  Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995).  Any doubt as to whether a default should be set aside should be resolved in favor of the defaulting party.  Enron Oil Corp. V. Diakuhara, 10 F.3d 90, 98 (2d Cir. 1993) ("Under the caselaw all doubts must be resolved in favor of trial on the merits."); Kumar v. Ford, 111 F.R.D. 34, 38 (S.D.N.Y. 1986) (same).

**B.   Application**

In opposition to the motion for default judgment, Moyes makes two principal arguments: (1) he has a meritorious defense

and (2) plaintiff is not prejudiced by the default. I first consider each of the two arguments and then I consider whether, in light of the factors discussed above, a default judgment should be entered.

### 1. **Moyes's Defenses on the Merits**

Moyes argues that the existence of a meritorious defense weighs against entering a default judgment. To assert a meritorious defense at this juncture, "the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." See State St. Bank & Trust Co. v. Inversiones Errazuriz Ltda., 374 F.3d 158, 167 (2d Cir. 2004).

Moyes argues that "with the [PGAL and Hardy] actions stayed and payment plans agreed to, [Westchester Fire] has no reasonable basis for a demand of collateral." (3/31/09 Murphy Mem. at 2). In addition to disputing the basis for demand of collateral, Moyes disputes the amount of collateral demanded. Westchester Fire demands over six million dollars of collateral and injunctive relief. The large sum of money involved and the type of relief sought also weigh in favor of denying the motion for default judgment. See Charles Alan Wright et al., 10A Federal Practice & Procedure: Civil § 2693, at 102 (3d ed. 1998) (citing cases)("The desire to avoid judgments by default when substantial rights are involved is paralleled by a reluctance to permit them when large sums of money are claimed or when injunctive relief is requested.").

Additionally, there is insufficient evidence to determine whether collateral is required or the amount of collateral due, given the status of the PGAL and Hardy actions. The Second Circuit has held that even if "a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Credit Lyonnaise Securities (USA), Inc., v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing cases). Moyes's objections to the amount and necessity of collateral support denying Westchester Fire's motion for default judgment since the elements of such a defense would absolve Moyes of liability if proven.

### 2. Prejudice

Westchester Fire would not be prejudiced if this motion is denied. Although delay would result, delay is not sufficient to warrant entry of a default judgment. See Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983) (holding that "delay alone is not a sufficient basis for establishing prejudice"). The Second Circuit holds that "something more is needed," such as delay that thwarts plaintiff's chance of recovery. State of New York v. Green, 420 F.3d 99, 110 (2d Cir. 2005) (citing 10A Charles A Wright, et al., Fed. Practice & Procedure: Civil § 2699 at 169 (3d ed. 1998)). The record does not establish that Westchester Fire is in danger of losing the relief it seeks.

### 3. Should A Default Judgment Be Entered?

Westchester Fire's application for default judgment is denied. The default here is largely technical in nature. The

delay involved is not substantial and hardly prejudicial. Given the large sum of money in dispute and the Second Circuit's preference for resolving disputes on the merits, it would be premature to grant Westchester Fire's motion for default judgment. Although tardy in appearing, Moyes is willing to defend against this action. Granting a default judgment would be a harsh sanction and Moyes should have an opportunity to formally answer the complaint.

Westchester Fire asserts that Moyes's willfulness in failing to respond to the complaint supports its motion for default judgment. Although Moyes offers no excuse for not appearing in this action until approximately three months after being served, Moyes did timely oppose the entry of a default judgment. The factors discussed above outweigh considerations of Moyes's willfulness in defaulting.

## CONCLUSION

Accordingly, judgment by default will not be entered. Moyes shall file an answer by August 19, 2009.

SO ORDERED.

Dated:   New York, New York
         July 30, 2009

                                          DENNY CHIN
                                          United States District Judge